IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff/Respondent,<br><br>vs.<br><br>Juan Victor Munoz,<br><br>  Defendant/Movant. | No. CV-12-2240-PHX-FJM (LOA)<br>No. CR-09-784-1-PHX-FJM (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This case is before the Court on Defendant Juan Victor Munoz's ("Movant") *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Doc. 1[1]) The United States ("Respondent") has filed a Response. (Doc. 9) Despite being granted permission to file a Reply, Movant has not filed one. (Docs. 3, 5)

## I. Background

### A. Indictment, Trial and Sentencing

On June 30, 2009, a grand jury issued an Indictment against Movant and three co-defendants. (CR doc. 14) The Indictment charged Movant with Conspiracy to Possess with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(ii) (Count One); Possession of a Firearm in Furtherance of Drug Trafficking Offense in violation of 18 U.S.C. § 924(c) (Count Two); and Felon in Possession of Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Three). (*Id.*) Shortly after his arrest, Movant

---

[1] Citations to "CR doc. ___" are to the record in the underlying criminal matter, CR-09-784-PHX-FJM (LOA). Citations to "Doc. ___" or "doc. ___" are to the record in CV-12-2240-PHX-FJM (LOA), the civil case opened upon the filing of the Motion to Vacate.

was detained pending trial. (CR doc. 8)  Following a jury trial in April and May 2010, Movant was found guilty of all three charges. (CR doc. 83)  Pursuant to the guilty verdicts, the Hon. Frederick J. Martone, United States District Judge, on August 24, 2010, entered judgments of guilt and sentenced Movant to concurrent prison terms of 120 months each on Counts One and Three, and a consecutive term of 60 months on Count Two, for a total prison term of 180 months. (CR doc. 123)  The District Judge also imposed five years of supervised release to commence upon Movant's release from prison. (*Id.*)

**B. Direct Appeal**

Movant filed a Notice of Appeal on August 26, 2010. (CR doc. 124)  On April 24, 2012, the United States Court of Appeals for the Ninth Circuit issued a memorandum decision in which it affirmed Movant's convictions and sentences. (CR doc. 148-2)  The Ninth Circuit Court determined: (1) the District Judge did not err when he denied Movant's request for specific performance of the plea agreement; (2) the District Judge did not err when he rejected Movant's claim of sentencing entrapment; and (3) there was no plain error in the aiding and abetting jury instruction. (*Id.*)  Movant did not file a petition for writ of *certiorari* to the U.S. Supreme Court. (Doc. 1 at 14)

**C. Motion to Vacate**

On October 18, 2012, Movant filed his Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 1) In his only ground for relief, Movant alleges his lawyer[2] provided ineffective assistance of counsel by failing to convey to Movant the significance of signing the Government's proposed plea agreement by the stated deadline. (Doc. 1 at 16) Movant contends the Government informed his lawyer that if Movant did not sign the plea agreement by the date of the pretrial conference, the offer would be withdrawn. (*Id.* at 17) Movant claims he wanted to accept the plea offer, but his lawyer advised him not to sign the agreement. (*Id.*) Movant further contends his lawyer subsequently moved to

---

[2] Defendant was represented throughout this criminal case by Jeffrey A. Williams, Assistant Federal Public Defender.

- 2 -

1 withdraw from the case due to ineffective assistance based on his failure to communicate the
2 significance of the plea deadline to Movant. (*Id.*) Respondent filed a Response to
3 Defendant's Motion to Vacate on March 11, 2012. (Doc. 7)  As noted above, Movant has not
4 filed a Reply.

**II. DISCUSSION**

Respondent argues in the Response that Movant's ineffective-assistance-of-counsel claim is without merit. Respondent argues counsel's actions were objectively reasonable and there was no prejudice. Respondent requests, therefore, the Motion to Vacate be denied.

### A. Legal Standard for a Claim of Ineffective Assistance of Counsel

The two-prong test for ineffective assistance of counsel was established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a convicted defendant must show that counsel's performance was objectively deficient and that counsel's deficient performance prejudiced the petitioner. *Id.* at 687. To be deficient, counsel's performance must fall "outside the wide range of professionally competent assistance." *Id.* at 690. When reviewing counsel's performance, a court engages a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Id.* "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Review of counsel's performance is "extremely limited." *Coleman v. Calderon*, 150 F.3d 1105, 1113 (9th Cir. 1998), *rev'd on other grounds*, 525 U.S. 141 (1998). Acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel. *Strickland*, 466 U.S. at 689.

In addition to showing counsel's performance was deficient, a petitioner must establish he suffered prejudice as a result of that deficient performance. *Id.* at 691-92. To show prejudice, a petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

1  *Id.* at 694; *Hart v. Gomez*, 174 F.3d 1067, 1069 (9th Cir. 1999); *Ortiz v. Stewart*, 149 F.3d
2  923, 934 (9th Cir. 1998). The prejudice component "focuses on the question whether
3  counsel's deficient performance renders the result of the trial unreliable or the proceeding
4  fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). It is not enough to
5  merely show "that the errors had some conceivable effect on the outcome of the proceeding."
6  *Strickland*, 466 U.S. at 693.

7        The plea bargaining process is a critical stage of criminal proceedings to which the
8  Sixth Amendment right to effective assistance of counsel attaches. *Missouri v. Frye*, 132
9  S.Ct. 1399, 1405 (2012); *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012[3]); *Turner v.
10 Calderon*, 281 F.3d 851, 879 (9th Cir. 2002) (holding that the decision whether to accept a
11 plea offer is a critical stage of the prosecution for Sixth Amendment right to counsel
12 purposes). Thus, the *Strickland* test "applies to ineffectiveness claims arising from the plea
13 process." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985); *see also Nunes v. Mueller*, 350 F.3d
14 1045, 1051-53 (9th Cir. 2003) (explaining that counsel's duty under *Strickland* to consult
15 with the defendant on important issues and keep him informed of important developments
16 in the course of the prosecution includes the plea bargaining process).

17       A petitioner must first establish counsel's advice was deficient, meaning it was not
18 "'within the range of competence demanded of attorneys in criminal cases.'" *Hill*, 474 U.S.
19 at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). In advising a defendant,
20 "[c]ounsel cannot be required to accurately predict what the jury or court might find, but he
21 can be required to give the defendant the tools he needs to make an intelligent decision."
22 *Turner*, 281 F.3d at 881; *see also Nunes*, 350 F.3d at 1054 (failure to accurately convey terms
23 of plea offer). "[A]s a general rule, defense counsel has the duty to communicate formal
24 offers from the prosecution to accept a plea on terms and conditions that may be favorable

---

28     [3] In *United States v. Buenrostro*, 697 F.3d 1137, 1140 (9th Cir. 2012), the Ninth Circuit concluded that neither *Frye* nor *Lafler* "decided a new rule of constitutional law."

- 4 -

to the accused." *Frye*, 132 S.Ct. at 1408.[4]

To satisfy the second prong of the *Strickland* test, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Frye*, 132 S.Ct. at 1409. Further, "defendants who have shown a reasonable probability they would have accepted the earlier plea offer must also show that, if the prosecution had the discretion to refuse to accept it, there is a reasonable probability neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented." *Id.* at 1410. Similarly, in a case where ineffective advice results in a rejection of the plea offer and the defendant is convicted at the ensuing trial, the defendant must show:

> that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler*, 132 S.Ct. at 1385.[5]

---

[4] In *Frye*, the defendant's attorney failed to inform the defendant of the prosecution's choice of two plea bargains and allowed them to expire. *Frye*, 132 S.Ct. at 1404. The defendant subsequently pled guilty without a plea agreement, and received a felony conviction and longer sentence than what he would have received under the plea agreements. *Id.* "When defense counsel allowed the offer to expire without advising the defendant or allowing him to consider it, defense counsel did not render the effective assistance the Constitution requires." *Id.* at 1408.

[5] In *Lafler*, the prosecution twice offered to dismiss two of the four charges against the defendant and recommend a sentence of 51 to 85 months on the other two, in exchange for a guilty plea. *Lafler*, 132 S.Ct. at 1383. The defendant rejected the offer on both occasions, allegedly after his attorney convinced him the prosecution would not be able to establish intent, and thus would be unable to convict him at trial. *Id.* Contrary to his

- 5 -

**B. Analysis**

The facts surrounding Movant's claim of ineffective assistance are, in large part, on the record. Discussions regarding the plea agreement were held on the record at the final pretrial conference and a subsequent hearing on a motion to enforce the plea agreement. At Movant's final pretrial conference on April 20, 2010, counsel for the Government explained that Movant's counsel was provided earlier that day a "final version" of a plea agreement that called for a stipulated sentence of ten years in prison. (Doc. 9-1 at 4) Movant's counsel then stated he believed the agreement was acceptable to Movant and confirmed the change-of-plea hearing was set before a magistrate judge two days later. (*Id.*) Counsel for the Government then asked to make a record regarding the plea agreement and said the agreement with the stipulation to ten years in prison was the final plea agreement that "must be signed today, and a copy must be given to the government today." (*Id.* at 5) If it was not signed that day, the plea offer would be withdrawn. (*Id.*) Movant did not sign the plea agreement.

Three days later, on April 23, 2010, Movant, through counsel, filed a Motion for Specific Performance, or in the Alternative, Motion to Withdraw as Counsel. (CR doc. 63) Movant's counsel explained in the motion that, after the final pretrial conference, he approached counsel for the Government and requested an amendment to the plea agreement to resolve an uncharged offense. (CR doc. 63 at 3) Movant's counsel further explained that when counsel for the Government agreed to that change, he assumed the amended plea agreement would be signed and entered on April 22, 2010, the scheduled date of the change-of-plea hearing. (*Id.*) On April 21, 2010, however, Movant's counsel received an e-mail from the prosecutor, stating the plea agreement had been withdrawn because it was not signed on the date of the final pretrial conference. (*Id.*) The Government's attorney then re-extended an earlier, but less beneficial, plea agreement, which Movant rejected. (*Id.*)

---

attorney's advice, the defendant was subsequently convicted of all four counts and received a mandatory minimum sentence of 185 to 360 months in prison. *Id.* Because the parties agreed defense counsel's performance was deficient, the Supreme Court did not consider that issue and addressed only the prejudice prong of the *Strickland* test. *Id.* at 1384.

- 6 -

At the hearing on the Motion for Specific Performance, the District Judge asked why Movant did not sign the plea agreement on the date of the final pretrial conference. (Doc. 9-2 at 7) Movant's counsel explained that, based on his conversation with counsel for the Government after the final pretrial conference, the Government would have to draft a new plea agreement to reflect the amendment regarding uncharged conduct. (Doc. 9-2 at 7, 14-17) Counsel for Movant stated he believed it was unnecessary for Movant to sign a non-final version of the plea agreement on that day. (*Id.* at 15-16) Movant's counsel further stated he believed that, in light of the need to amend the agreement, the deal remained intact even though Movant did not sign the agreement that day. (*Id.*)

The District Judge denied the Motion for Specific Performance based on the prosecutor's clear statement on the record during the final pretrial conference that, to avoid withdrawal of the plea offer, the plea agreement had to be signed and a copy provided to the Government that day. (Doc. 9-2 at 17)  The Judge found the express conditions of the deal were not met because the plea agreement was not signed by the end of the day. (*Id.*)

Regarding the alternative Motion to Withdraw as Counsel, Movant's counsel withdrew that request at the hearing.  (Doc. 9-2 at 4)  On that issue, the District Judge stated:

> I'm glad [Movant's counsel] withdrew his motion to withdraw. We plainly would have denied that for the reason that there was no ineffective assistance of counsel in this case because the defendant was here present when [counsel for the Government] mentioned the fact that it had to be signed that day.

(Doc. 9-2 at 18)

In support of his Motion to Vacate, Movant has attached an affidavit. (Doc. 1 at 27-30) In it, he claims he was presented with a plea agreement, calling for a stipulated prison sentence of ten years at the final pretrial conference on April 20, 2010. (Doc. 1 at 28) Movant contends he intended to argue a motion for new counsel at the final pretrial conference but withdrew that motion when his counsel told him he would not get the ten-year plea deal if he insisted on a new attorney. (*Id.*) Movant states he knew the ten-year plea was "a great deal" and, therefore, did what his lawyer told him to do. (*Id.*)  Although Movant concedes counsel for the Government stated on the record at the final pretrial conference that the plea agreement must be signed that day, he claims his lawyer advised him not to sign it at that

- 7 -

1  time. (*Id.*) Movant further claims his lawyer told him that Movant's signature did not matter
2  because the plea agreement had been accepted. (*Id.*) He contends his counsel never told him
3  the offer would be withdrawn if he did not sign it that day. (*Id.* at 29) Movant states his
4  lawyer told him he did not have to sign the agreement until the Government added the
5  language about the uncharged conduct. (*Id.*)

6  On the next day, Movant contends, his attorney told him the Government withdrew
7  the ten-year plea deal because Movant failed to sign it at the final pretrial conference. (*Id.*)
8  Movant claims his lawyer's advice not to sign the plea at the final pretrial conference got him
9  five more years in prison than what he would have received if he had followed his instinct
10 and signed the plea agreement. (*Id.*)

11 Attached to Respondent's Response is an affidavit from Movant's trial counsel. (Doc.
12 9-4) In the affidavit, counsel states he did not advise Movant he would lose the ten-year plea
13 deal if he requested a new attorney. (*Id.* at 2) Counsel also denies Movant's assertion that
14 he advised Movant not to sign the ten-year plea deal on the day of the final pretrial
15 conference. (*Id.*) Counsel explains Movant was reluctant to sign the plea agreement because
16 counsel was still attempting to negotiate a sentence of less than ten years. (*Id.*) Counsel
17 concedes he did not pressure Movant to sign the plea agreement at the final pretrial
18 conference because he did not expect the plea offer to be withdrawn if the plea agreement
19 was not signed by Movant that day. (*Id.*) Counsel states he believed it would not be
20 withdrawn because: 1) in his twenty years as a criminal defense lawyer, the Government had
21 never withdrawn a plea offer in this fashion, where the defendant had verbally accepted the
22 plea offer and a change of plea hearing had been scheduled; and 2) the plea agreement
23 Movant would have signed had to be amended based on counsel's discussions with the
24 prosecutor after the final pretrial conference. (*Id.*) Consequently, defense counsel considered
25 the plea agreement presented the day of the final pretrial conference to be a draft that would
26 be amended prior to the change-of-plea hearing. (*Id.* at 3)

27 Defense counsel acknowledges he did not inform Movant the plea offer would be
28 withdrawn if Movant failed to sign the agreement on the date of the final pretrial conference.

1  (*Id.*) Defense counsel disputes Movant's claim, however, that as a result of his advice,
2  Movant received an additional five years in prison. (*Id.*)  Defense counsel asserts Movant
3  made the decision not to sign the plea agreement on the date of the final pretrial conference
4  because he never advises his clients whether they should or should not accept and sign a plea
5  agreement. (*Id.*)

6  After full consideration of the information presented, the undersigned Magistrate
7  Judge finds Movant has not shown his counsel's performance or advice with respect to the
8  plea agreement was objectively deficient and that it fell "outside the wide range of
9  professionally competent assistance." *Strickland,* 466 U.S. at 690.  Defense counsel provided
10 valid reasons for not urging Movant to sign the ten-year plea agreement on the date of the
11 pretrial conference, despite the prosecutor's on-the-record statement the plea agreement
12 would be withdrawn if the plea agreement was not signed that day. As Movant's counsel
13 explained at the hearing on the Motion for Specific Performance and in his affidavit,
14 throughout his many years of experience, the Government had never before withdrawn a plea
15 agreement after the defendant had verbally agreed to enter it, a change-of-plea hearing had
16 been set, and the only thing lacking was the defendant's signature on the plea agreement.
17 Additionally, because the prosecutor agreed immediately after the final pretrial conference
18 and outside the presence of Movant to amend the plea agreement, Movant's counsel
19 reasonably believed a final version of the plea agreement, reflecting the discussed change,
20 would be presented and signed at the change-of-plea hearing two days later. Under these
21 circumstances, Movant's counsel exercised reasonable professional judgment in assuming
22 the Government would not withdraw the offer and proceeding accordingly.

23 Moreover, as the District Judge clearly explained during the hearing on the Motion
24 for Specific Performance, Movant was physically present at the final pretrial conference
25 when counsel for the Government stated in open court that the plea agreement would be
26 withdrawn if it was not signed that day. Thus, contrary to his claim, Movant was aware of
27 the significance of signing the agreement that day and could have insisted on doing so.
28

## III. Conclusion

Under § 2255, a district court must hold an evidentiary hearing on a petitioner's motion "[u]nless the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The standard for holding an evidentiary hearing is whether the petitioner has made specific factual allegations that, if true, state a claim on which relief could be granted. *See United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984); *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006).

Under the facts and circumstances presented, this Magistrate Judge cannot find that defense counsel's actions or advice regarding the plea agreement fell below an objective standard of reasonableness. Without deficient performance, the *Strickland* test is not met. The record herein conclusively shows that Petitioner is entitled to neither relief on the Petition nor an evidentiary hearing. For these reasons, the undersigned Magistrate Judge will recommend Movant's sole claim of ineffective assistance of counsel be denied.

Accordingly,

**IT IS RECOMMENDED** that Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, doc. 1, be **DENIED**.

**IT IS FURTHER RECOMMENDED** t hat a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because Movant has not made a substantial showing of the denial of a constitutional right.

This report and recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

1  (9th Cir. 2003). Failure to timely file objections to any factual determinations of the
2  Magistrate Judge will be considered a waiver of a party's right to appellate review of the
3  findings of fact in an order of judgement entered pursuant to the Magistrate Judge's
4  recommendation.  *See* Fed. R. Civ. P. 72.

5  DATED this 12th day of November, 2013.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge