**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Victor Munoz,<br><br>　　　　Petitioner,<br><br>vs.<br><br>United States,<br><br>　　　　Respondent. | No. CV-12-2240-PHX-FJM<br>No. CR-09-0784-1-PHX-FJM<br><br>**ORDER** |

Before the court is petitioner's "Motion to Relate Back" (doc. 32), and the government's response (doc. 34). Petitioner was found guilty by a jury of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(ii); possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c); and, being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

On December 31, 2013, after a *de novo* review, we adopted the report and recommendation of the United States Magistrate Judge, rejecting petitioner's argument for specific performance of a plea agreement, and recommending that petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be denied (doc. 18). We also rejected petitioner's motion to add two new grounds for relief, concluding that the new claims do not relate back to the original habeas petition, and therefore the new claims are

1  time-barred. Order at 2 (citing Mayle v. Felix, 545 U.S. 644, 649, 125 S. Ct. 2562, 2566
2  (2005)).

3  In this latest motion, petitioner again seeks to supplement his § 2255 petition by
4  claiming that application of a recent Supreme Court decision in Bond v. United States, 134
5  S. Ct. 2077 (2014), renders him "actually innocent of all the statutes in his indictment."
6  Motion at 6. He contends that his new motion is timely under § 2255(f)(3) because it was
7  filed within one year of the Court's decision in Bond. We disagree, and instead conclude that
8  petitioner's claim is untimely and without merit.

9  Generally, a petitioner has one year from the date on which his judgment of conviction
10  becomes final to file an action seeking to vacate, set aside or correct a sentence. 28 U.S.C.
11  § 2255(f)(1). Alternatively, under § 2255(f)(3), the one-year statute of limitations begins to
12  run on the "date on which the right asserted was initially recognized by the Supreme Court,
13  if that right has been newly recognized by the Supreme Court and made retroactively
14  applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Petitioner contends that
15  his latest motion is timely because he asserts a right newly recognized in Bond that is
16  retroactively applicable to his case. We disagree. Not only did Bond not identify a new
17  right, but it has no application to petitioner's case.

18  In Bond, the Supreme Court considered whether application of the Chemical Weapons
19  Convention Implementation Act of 1998 (the "Chemical Weapons Act"), 18 U.S.C. § 229,
20  to a "purely local crime," exceeded Congress's enumerated powers and invaded the police
21  powers reserved to the States. The petitioner in Bond was charged with possession and use
22  of a chemical weapon in violation of the Chemical Weapons Act when she spread two legal,
23  toxic chemicals on the car, mailbox and door knob of her husband's mistress, in hopes of
24  causing "an uncomfortable rash." Id. at 2085. The issue presented in Bond was whether the
25  Chemical Weapons Act, meant to prohibit weapons of mass destruction, can be
26  constitutionally applied to a purely local crime.

27  The Court first recognized that, "lacking a police power, Congress cannot punish
28  felonies generally." Id. at 2086 (citation omitted). Therefore, federal criminal statutes may

not be applied to purely local criminal activity "unless Congress has clearly indicated that the law should have such reach." Id. at 2083. Finding that there was no "clear indication that Congress meant [the Chemical Weapons Act] to reach purely local crimes," the Court concluded that application of the Act to this "unremarkable local offense" would "dramatically intrude upon traditional state criminal jurisdiction." Id. at 2083, 2088. Based on this holding, petitioner now argues that none of the federal criminal statutes under which he was convicted could be constitutionally applied to his purely local conduct, and he is therefore "actually innocent" of those crimes. Motion at 6. This is an overly broad and incorrect reading of the Court's ruling.

First, Bond did not announce a newly recognized constitutional right. The case did not break new ground or impose a new obligation on the government. Instead, it simply considered application of the Chemical Weapons Act to the specific facts of that case. Therefore, Bond does not extend the statute of limitations under § 2255(f)(3) and petitioner's current motion is time-barred.

But even if timeliness was not an issue, the motion would nevertheless fail on its merits. In contrast to the Chemical Weapons Act, it is well established that each of the federal statutes under which petitioner was convicted are constitutional exercises of Congress's power under the Commerce Clause. See Gonzales v. Raich, 545 U.S. 1, 15-16, 125 S. Ct. 2195, 2205 (2005) (holding that the Controlled Substances Act, 21 U.S.C. §§ 841 and 846, is a constitutional exercise of congressional power under the Commerce Clause); United States v. Hanna, 55 F.3d 1456, 1461-62 (9th Cir. 1995) (holding that 18 U.S.C. § 922 (felon in possession) is constitutional under the Commerce Clause); and United States v. Lynch, 437 F.3d 902, 912 (9th Cir. 2006) (holding that 18 U.S.C. § 924 (use of a firearm in relation to a "drug trafficking crime") is constitutional under the Commerce Clause). Therefore, the statutes under which petitioner was convicted are constitutional exercises of congressional authority. Petitioner's claim of actual innocence is wholly without merit.

**IT IS ORDERED DENYING** petitioner's "Motion to Relate Back" (doc. 32).

**IT IS FURTHER ORDERED DENYING** a certificate of appealability and leave

1  to proceed *in forma pauperis* on appeal because dismissal of the habeas petition is justified
2  by a plain procedural bar and jurists of reason would not find the ruling debatable, and
3  because petitioner has not made a substantial showing of the denial of a constitutional right.
4      DATED this 23rd day of January, 2015.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge